[614 NYS2d 444]

In the Matter of ALBERT LABOZ, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 11, 1994

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Robert J. Saltzman* of counsel), for petitioner.

*Jerome Karp, P. C.,* Brooklyn *(Mitchell K. Friedman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with four allegations of professional misconduct. The Special Referee sustained all four charges. The petitioner now moves to confirm the Special Referee's report. The respondent has interposed an affirmation requesting an order imposing such discipline as the Court deems appropriate under the circumstances.

Charge One alleged that the respondent has been guilty of professional misconduct in that he was convicted of a serious crime. On or about August 17, 1992, the respondent entered a plea of guilty to a charge of wire fraud in violation of 18 USC § 1343, a Federal felony, in the United States District Court for the District of Massachusetts. On or about April 28, 1993, Judge Rya W. Zobel sentenced the respondent to a term of one year's probation.

Charge Two alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law by reason of the behavior set forth in Charge One.

Charge Three alleged that the respondent engaged in conduct involving fraud, dishonesty, deceit, and misrepresentation. In or about June 1987 the respondent became privy to material, nonpublic inside information concerning the proposed acquisition of a corporation known as Parisian. The respondent, his brother, and his cousin obtained this information from a paralegal employed by the firm of Skadden, Arps, Slate, Meagher and Flom. The respondent knew that the

subject information had been illegally misappropriated from the aforesaid law firm and its client.

Using a corporate entity and the information so obtained, the respondent traded in Parisian securities and obtained a profit of $17,224 over a period of two weeks. To conceal this illegal trading, the respondent advised his cousin not to purchase Parisian securities in his own name or in the name of the paralegal.

Charge Four alleged that the respondent engaged in conduct adversely reflecting upon his fitness to practice law by virtue of the behavior set forth in Charge Three.

Upon a review of the evidence adduced, we conclude that the Special Referee properly sustained Charges One through Four. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigating circumstances advanced by the respondent, including his acceptance of full responsibility for his actions, his full cooperation with Federal authorities, his relative youth and inexperience at the time of his misconduct, and the numerous character references submitted on his behalf. The respondent's insider trading nevertheless constitutes serious professional misconduct. It is, therefore, the decision of the Court that the respondent be suspended from the practice of law for a period of five years.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Albert Laboz, is suspended from the practice of law for a period of five years, effective immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of five years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court,

the respondent, Albert Laboz, shall continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.